# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RICHARD REISS, | : | CIVIL NO. 1:CV-12-2089 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| LISA SMITH, et al., | : | |
| Defendants | : | |
| | : | |

## MEMORANDUM

Plaintiff Richard Reiss, at the time an inmate at the Cumberland County Prison ("CCP"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 against CCP employee Lisa Smith, R.N., and the "Medical Staff of Primecare." In the complaint Reiss alleges that Defendants have violated his rights under HIPPA by being asked questions about his medical care in front of other inmates, as well as being weighed and having medical procedures performed in front of other inmates. He claims that his right to privacy has been violated and seeks damages in the amount of $5,000.00. For the reasons that follow, the complaint will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to follow a court order.

## I. Procedural Background

Service of the complaint was directed by order dated May 7, 2013. (Doc. No. 8.) On May 15, 2013, a copy of this order sent to Reiss at CCP was returned to the Court as undeliverable. The envelope was marked "RTS-Not Deliverable-Unable to Forward" and "Not Here." (Doc. No. 10.) Following a telephone inquiry made to CCP, the Court learned that Reiss had been released from prison in December 2012, and that the only address on record was 444 East King Street, Shippensburg, Pennsylvania, 17257. Despite the fact that Reiss did not provide

the Court with this address, because it was the only possible address available for Reiss, the returned document was re-mailed to Reiss at this address on May 16, 2013. On May 24, 2013, the re-mailed document was again returned to the Court as undeliverable. (Doc. No. 11.) The notation on the re-mailed document read "Moved left no address-Unable to forward-Return to Sender." (Doc. No. 11.)

The Court's Standing Practice Order was issued in this action and served on Reiss on October 18, 2012. (Doc. No. 2.) This order specifically states that "[a] pro se plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit." (Doc. No. 4 at 4.)

## II. Discussion

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits sua sponte dismissals by the court. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988)(same). In determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4)

2

whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003); see also Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-78 (3d Cir. 1994)(applying Poulis factors to dismissal under Rule 41(b)). The court must consider all six factors. Ware, 322 F.3d at 221-22; United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 162 (3d Cir. 2003).

**A.    Analysis of the Poulis Factors**

1. The extent of the party's personal responsibility

A pro se plaintiff is responsible for his failure to comply with a court's orders. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). Pursuant to the Court's Standing Practice Order, Reiss had the obligation to inform the Court of address changes. Reiss has failed to do so. The Court has attempted on two (2) occasions to send correspondence to Reiss and both attempts have failed. The CCP has confirmed that Reiss has been released from prison and the Court is without an address to served legal documents upon him. Defendants will also be unable to serve documents on Reiss for the same reason. Reiss has failed to notify the Court of his new address, and it therefore only can be concluded that he is personally responsible for failing to comply with the Standing Practice Order and no longer desires to pursue this suit.

2. The prejudice to the adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d at 873-74 (internal quotations and citations omitted.) Generally, prejudice

3

includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874. A consideration of this factor in the instant case weighs in favor of dismissal where Defendants should not be burdened with preparing a response to the complaint that will be unable to be served upon Reiss. His failure to comply with the obligation to keep the Court informed of his current address already has delayed the prosecution of this matter and will continue to do so.

3. A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)(finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant); Emerson v. Theil College, 296 F.3d 184, 191 (3d Cir. 2002)(finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by plaintiff's multiple requests for stays and failure to comply with multiple deadlines). In the instant case, where Reiss failed to comply with the provision of the Standing Practice Order requiring him to notify the Court of his change of address, it cannot be said that this act alone constitutes dilatory conduct.     4. Was the conduct willful or in bad faith?

Under this factor, the Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves

4

intentional or self-serving behavior." Id.; see also Emerson, 296 F.3d at 191 (finding bad faith because the conduct went beyond mere negligence). Reiss' failure to notify the Court of his address change is not conduct which necessarily would be characterized as willful or in bad faith. However, the fact that he has now been released from prison for at least five (5) months, and since that time has failed to provide the Court and Defendants with his current whereabouts or contact the Court since the filing of this action over seven (7) months ago, it can only be concluded that he demonstrates a willful disregard for procedural rules and court directives.

5. Effectiveness of sanctions other than dismissal

Ordinarily, the court must consider the availability of sanctions alternative to dismissal. Poulis, 747, F.2d at 869. However, where a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, as is the case here, it has been found that no alternative sanctions exist because monetary sanctions, including attorney's fees, "would not be an effective alternative." Emerson, 296 F.3d at 191. As such, in a case such as the one at hand, where the Court is completely unable to communicate with the party who initiated the action as a result of his failure to provide notification of his new address upon his release, the only appropriate sanction is dismissal. Otherwise, the case would linger indefinitely on the Court's docket.

6. Meritoriousness of the claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).

5

In this case, a vicarious liability claim is not recognized under 42 U.S.C. § 1983. It is well established that, [a] private corporation contracted by a prison to provide health care for inmates cannot be held liable on a respondeat superior theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. See Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978). Not all action rises to the level of a custom or policy. Natale, 318 F.3d at 584. A policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. Id. There are no facts alleged by Reiss in his complaint concerning any policies and/or procedures of PrimeCare Medical, Inc. As such, it would appear that Reiss sets forth nothing more than vicarious liability claims which are not actionable in this matter.

With respect to Defendant Smith, the United States Constitution prohibits the infliction of cruel and unusual punishment. See U.S. Const. Amend. VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828-29 (1994). Therefore, a prison official has a duty to protect inmates from serious risks of harm of which the prison official is aware. Id. at 833. However, in order to constitute "deliberate indifference" under the Eighth Amendment, the prison official who is alleged to have failed to protect an inmate must have had subjective knowledge of the risk of serious harm, and he must nevertheless have failed to respond reasonably to the know risk. Id. at 837-38. Thus, proof of a culpable subjective intent is a critical component of any Eighth Amendment claim in a prison setting. As explained by the

6

Third Circuit Court of Appeals in Beers-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001), the basic requirements of a claim brought against a prison official under the Eighth Amendment is as follows:

> An Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind."

Id. at 125 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). In the instant complaint, while Reiss names Smith as a Defendant, there are absolutely no allegations that Smith was in any way responsible for the violation of any of his constitutional rights or had any participation in or knowledge of the violation of any of his rights. In the instant case, where the Court is unable to communicate with Reiss as a result of his failure to provide an updated address upon his release from DOC custody, granting leave for him to amend his claims would be futile.

**B.     Balancing of Poulis Factors**

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). There is no "magic formula" to determine how the Poulis factors should be balanced, and the determination is within the district court's discretion. Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008). Based on the foregoing analysis, it is apparent that many of the crucial factors weigh in favor of dismissal of this action as a result of Reiss' failure to comply with the Standing Practice Order and keep the Court apprised of his address. For these reasons, the complaint will be dismissed pursuant to Federal Rule of Civil Procedure 41(b), and the Clerk of Court will be directed to close this case. An appropriate order

follows.

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD REISS,  :  | CIVIL NO. 3:CV-12-2089 |
|     **Plaintiff**  : | |
| : | (Chief Judge Kane) |
| v.  : | |
| : | |
| LISA SMITH, et al.,  : | |
|     **Defendants**  : | |
| : | |

## ORDER

**AND NOW, THIS 12th DAY OF JUNE, 2013**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The above action is **dismissed** pursuant to Federal Rule of Civil Procedure 41(b) for failure to follow a court order.

2. The Clerk of Court is directed to **close this case**.

3. Any appeal from this order is deemed frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

                                          S/ Yvette Kane
                                          YVETTE KANE, Chief Judge
                                          Middle District of Pennsylvania